UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CONTRERAS PANIAGUA WILMEDES ADVERY, | ) | CASE NO. 3:26-CV-01555 |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| v. | ) | |
| WARDEN, SENECA COUNTY JAIL, | ) | MEMORANDUM AND ORDER OF DISMISSAL |
| Defendant. | ) | |

On July 7, 2026, Petitioner filed a petition for federal habeas relief for a person in custody of Immigration and Customs Enforcement (ICE) pursuant to 28 U.S.C. § 2241. R. 1. Petitioner claimed that he is a lawful permanent resident of the United States and has been detained by ICE since March 2026 without being given a bond hearing as required by *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal., Nov. 25, 2015). *Id.*, Page ID##: 1, 4. The petitioner further alleged that ICE had initiated removal proceedings against him based on a conviction in an Ohio court. *Id*. at 4. The petition asks for either his release or a bond hearing within seven days. *Id.*

This Court thereupon both referred the matter to United States Magistrate Judge Reuben J. Sheperd for supervision of non-dispositive matters (R. 5) and on August 13, 2026, issued a non-document order directing the Respondent to file a "notice of position" as to whether it

intended to oppose the petition in light of the Sixth Circuit's decision in *Lopez-Campos, et al v. Raycraft, et al*., 2026 WL 1283891 (6th Cir. May 11, 2026).

After these filings, Petitioner filed an "Emergency Motion to preserve Habeas Jurisdiction, Maintain the Status Quo and Require Notice Prior to Transfer." R. 7. That motion initially acknowledged that habeas jurisdiction is established at the time of filing and so assertedly would not be defeated should Petitioner be transferred to another location. *Id*., Page ID#: 41. It further nonetheless argues that to preclude any potential interference with this Court's ability to grant the requested relief, that ICE be ordered to provide "reasonable advance notice" of any decision to transfer Petitioner so that this Court may determine if such a transfer would affect its ability to provide the relief requested by the Petition. *Id*., Page ID#: 42.

Most recently, the United States, on behalf of the Acting Director of the ICE Detroit Field Office, and in response to this Court's order, filed a Notice of Position. R. 9. In that notice the Government noted first that because Petitioner had not named as respondent the director of the ICE field office for the district where he was being held, the Court lacked jurisdiction over the petition. *Id*. Page ID#: 49 (citing *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003). Next the Government explained why *Lopez-Campos* does not govern Petitioner's case. R. 9, Page ID#: 50.

Specifically, the Government pointed out that Petitioner was convicted in an Ohio court in 2025 of attempted possession of cocaine and was then arrested in 2026 also in Ohio for a probation violation. *Id*. On that basis, he was deemed removable under 8 U.S.C. §1227(a)(2)(B)(i) (controlled substances conviction) and, on May 21, 2016, was ordered removed to the Dominican Republic. *Id*. When Petitioner did not timely appeal that removal order, it became final on June 20, 2026. *Id.*

On this record, the Court begins by reviewing its jurisdiction. As is well-established, federal courts possess only the power authorized by the Constitution or by statute and have an independent obligation to determine whether subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006). Moreover, a federal court may *sua sponte* raise the issue of its own subject matter jurisdiction at any time since the absence of such jurisdiction removes any authority for it to hear the case. *Klepsky v. United Parcel Service, Inc.* 489 F.3d 264, 268 (6th Cir. 2007) (citation omitted).

Here, as the Sixth Circuit has repeatedly held, 8 U.S.C. § 1252(g) expressly precludes a district court from exercising jurisdiction over any action seeking judicial review of a removal order, specifically including a petition for habeas corpus. *Muka v. Baker*, 559 F.3d 480, 484 (6th Cir. 2018); *see also, Hamama v. Adduci*, 912 F.3d 869, 874 (6th Cir. 2018); *Nkafu v. Lynch*, 2026 WL 2409234, at * 2 (S.D. Ohio Aug. 18, 2026) (citation omitted).

In addition, Congress by statute has provided that a removal order may be initially challenged by filing a motion to reopen with the Board of Immigration Appeals. *Kazan v, Sessions*, 2023 WL 2347069, at * 3 (E.D. Mich. Mar. 3, 2023). Beyond that, 8 U.S.C. § 1225(a)(5) specifies that "the sole and exclusive means for judicial review of an order of removal" is a "petition for review filed with an appropriate court of appeals[.]" *Accord, Nkafu, 2409234, at * 3* (citing *Hamama*, 912 F.3d at 876-77 and finding that the method of filing a motion to reopen with the ability to then file a petition in the federal appeals court is an "adequate" "method of review"); *Kazan*, 2023 WL 2347069, at *2.

Accordingly, for the foregoing reasons, the Court finds pursuant to 8 U.S.C. § 1252(g) that it lacks jurisdiction to consider Petitioner's action for a writ of habeas corpus (R. 1).[1] Therefore, the Court ORDERS:

(1) The petition (R. 1) is dismissed without prejudice;

(2) The emergency motion to preserve the status quo (R. 7) is denied as moot; and

(3) The referral (R. 5) is terminated, and the case is ordered closed.

**IT IS SO ORDERED.**

Date: October 5, 2026

/s/ David A. Ruiz
David A. Ruiz
United States District Judge

[1] The Court, therefore, declines to consider Respondent's additional argument that dismissal is appropriate solely due to the Petitioner's error in identifying the proper respondent.